RAY BURMASTER, Appellant, v. THE STATE OF NEW YORK,
Respondent.

Third Department, January 8, 1919.

**Highways — waters and watercourses — raising of highway by
State resulting in damage to adjoining land from floods — liability
for damages.**

The State by raising a highway several feet by means of concrete work
designed to furnish protection to a State bridge, pursuant to chapter
512 of the Laws of 1911, without interference with the stream itself, is
not thereby rendered liable to the owner of land between the highway
and the stream who claims that at flood periods the stream overflows
its banks, passes over his premises and is prevented from leaving the
same by flowing over the highway as formerly.

The change of the grade of a street or highway or of a railroad does not
give rise to an action for damages, unless the Legislature has provided
therefor.

APPEAL by the claimant, Ray Burmaster, from a judgment
and order of the Court of Claims, entered in the office of the
clerk of said court on the 4th day of April, 1918, dismissing the
claim herein.

*Williams, Minard & Howell* [*Hubert C. Minard* of counsel],
for the appellant.

*Merton E. Lewis*, Attorney-General [*Alexander Otis*, Deputy
Attorney-General, of counsel], for the respondent.

WOODWARD, J.:

The claimant is the owner of a parcel of land in the village of
Irving, consisting of about five acres. This plot is located
between the highway involved in this litigation and the
Cattaraugus creek. The Legislature in 1911 enacted chapter
512 of the laws of that year, entitled " An act to provide for
raising and improving the highway leading from the Cat-
taraugus Indian reservation to the village of Irving, and making
an appropriation therefor." This act provided $10,000
" for raising and improving the highway leading from the
Cattaraugus Indian reservation to the village of Irving,

for securing the right of way and constructing a dike along such highway northerly from the State bridge sufficient to protect the same against floods, and for completing the work in respect to such highway heretofore begun and left unfinished by the State." It must be apparent that the purpose of the provision for securing the right of way was to purchase such lands as might be necessary in building a dyke which should protect the State bridge against floods, and the work to be done was to be by the State Commission of Highways, in connection with the unfinished highway at the point in question.

The State Commission of Highways, acting under the provisions of the statute, in 1912 raised the highway several feet by means of concrete work designed to furnish protection to the State bridge, and the claimant asks the State to pay him damages because it is alleged that during 1913 at flood periods the Cattaraugus creek overflows its banks, passes over the claimant's premises, and is prevented from leaving the same by flowing over the highway as formerly, but is forced back in such a manner as to inundate his premises and cause great damage by reason of the rapid flow in another direction after a sufficient depth is reached. There seems to be no doubt that the claimant's premises are injured by these floods, but we are unable to discover any rule of law which will enable him to impose the burden of compensation upon the State, in the absence of a statute providing such relief. Obviously if the State had not changed the grade of the highway — and this is all that has been done — and the owner of the premises opposite the claimant had, for his own purposes, erected a similar embankment, no damages could be asserted against the neighbor. (*Lynch* v. *Mayor*, 76 N. Y. 60, 63; *Seifert* v. *City of Brooklyn*, 101 id. 136, 142; *Howard* v. *City of Buffalo*, 211 id. 241, 261.) Of course, if there had been an interference with the course of the stream, without legislative authority, there would have been a trespass, but here there was no interference with the stream itself; there was merely a raising of the highway in front of the claimant's premises, while the stream was separated from the highway the depth of the claimant's premises, and there can be no doubt that the State was not bound to afford a runway for the waters of Cattaraugus creek

across its surface for the benefit of the claimant's land. In the leading case of *Bellinger* v. *N. Y. C. Railroad* (23 N. Y. 42, 47) the railroad company had constructed its tracks across West Canada creek. The plaintiff claimed that the construction of the defendant's railroad had obstructed the creek and caused a flood upon his land. It was held that the defendant could be. charged only with negligence in its construction. DENIO, J., there said: " If one chooses of his own authority to interfere with a water-course, even upon his own land, he, as a general rule, does it at his peril, as respects other riparian owners above or below. But the rule is different where one acts under the authority of law. There he has the sanction of the State for what he does, and, unless he commits a fault in the manner of doing it, he is completely justified." (*Prime* v. *City of Yonkers*, 192 N. Y. 105, 111.) Here there has been no interference with the watercourse; the watercourse could not be presumed to be across and over the surface of a State highway, even though at times it did reach this point. The highway was raised to a point where the waters could not come upon it from the claimant's premises, and the authorities are uniform that the change of a grade of a street or highway, or of a railroad, does not give rise to an action for damages, unless the Legislature has provided for such damages. (*Matter of Grade Crossing Comrs. of Buffalo*, 209 N. Y. 139; *Seifert* v. *City of Brooklyn*, 101 id. 136, 142; *Sadlier* v. *City of New York*, 185 id. 408, 417, 418; *Howard* v. *City of Buffalo*, 211 id. 241, 257; *Brooks* v. *State of New York*, 13 State Dept. Rep. 38, 40, and authorities there cited.)

This is not a case of collecting surface waters and precipitating them upon a neighbor; it is merely the exercise of a right of the State to so construct its highways that they will not be destroyed by waters flowing upon them from the premises of the claimant; and we think the Court of Claims was bound, under the law, to decline to make an award in this case.

The judgment appealed from should be affirmed, with costs.

Judgment unanimously affirmed, with costs.