WILLIAM B. BROOKS, Appellant, v. STATE OF NEW YORK, Respondent.

Third Department, September 10, 1919.

Eminent domain — State canals — when landowner entitled to damages caused by dike built upon highway.

A judgment of the Court of Claims dismissing a claim for alleged damages arising out of the construction of a State canal will be reversed although the claimant bases his damages on a change of the grade of an abutting highway which leaves his premises below the established grade, if in fact it appears that the claimant has been damaged by the erection of a dike upon the highway in front of his premises for the purpose of impounding the waters of a State dam, and a new highway has been established upon the dike.

Under the circumstances, although there was no change in the grade of the highway and the property owner has no claim for damages for that cause in the absence of a statutory provision, the building of the dike upon the highway solely for the improvement of the canal casts an additional burden upon the claimant's land, and he is entitled to compensation if he owns the fee to the middle of the highway.

Matter remitted to Court of Claims for further consideration.

WOODWARD, J., dissented, with opinion.

APPEAL by the claimant, William B. Brooks, from a judgment of the Court of Claims, entered in the office of the clerk of said court on the 11th day of October, 1917, dismissing his claim.

*Francis D. Culkin,* for the appellant.

*Charles D. Newton, Attorney-General [B. F. Sturgis, Deputy Attorney-General,* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The claim filed states that it is for damages in changing and altering the grade of the highway in front of and abutting the claimant's premises, by raising a dike or mound of earth along the river front, while engaged in the enlargement of the Oswego canal, whereby the premises are below the established grade of said roadway and are seriously injured. The claimant owns to the center of the highway. A motion was made to dismiss the claim upon the ground that it did not state a cause of action, as in the absence of statutory provisions no liability resulted from a change in the grade of a public highway. In answer to the motion the claimant made a statement of the facts upon which his claim was based, which may be considered as an offer to prove such facts. The court considered such facts and held they were immaterial and if stated in the claim could not affect the result. The additional facts relied upon by the claimant to establish his claim were, in substance, that a highway runs between the claimant's premises and the Oswego river and, in canalizing the river, a dam with an increased elevation of approximately eleven feet was built in the river below the claimant's premises, with the result that a dike was built to protect claimant's premises and other property from the overflow. As a matter of convenience and economy in prosecuting this canal work, the dike was built upon the highway and a new highway established upon the dike. This was not a change of grade of a highway within the fair meaning of those words, but was a canal improvement which destroyed the old highway, using it as a basis for the dike.

Concededly the change of grade of a public highway gives the property owner no claim for damages unless the statute makes provision therefor. The original taking of the land for highway purposes carries with it the right to use it for any highway purposes which from time to time may be required. But here there was no trouble with the highway or any desire

to change its grade.  The damming of the river for canal purposes made it necessary to build the dike.  The action of the State was solely in the improvement of the canal, and the improvement of the canal and not the maintenance or improvement of the highway cast an additional burden upon the claimant's land.  He owned the fee, which was burdened only with the right to maintain a highway over it.  His injury was caused by the canal improvement, as the highway was changed solely for that purpose.  FENNELL, J., in his dissenting opinion in the Court of Claims (13 State Dept. Rep. 39, 43) has so well stated the facts and the rights of the claimant that it is unnecessary to repeat them here.  By denying damages to the claimant the whole burden of the dike is placed upon him; the other property owners are protected at his expense.

The judgment should be reversed, with costs, and the matter remitted to the Court of Claims for its further consideration.

All concurred, except WOODWARD, J., dissenting with an opinion.

WOODWARD, J. (dissenting):

The record in this case shows that " This claim is for damages arising from the changing and altering the grade of a roadway in front of and abutting on the premises hereinafter mentioned by raising a mound of earth, dike and embankment along the river front in the month of May, 1912, and continuing thereafter during the year 1913 at Minetto " by the State of New York " while engaged in the enlargement of the Oswego canal under chapter 147 of the Laws of 1903 of the State of New York, whereby claimant's premises are now below the established and existing grade of said roadway."  In other words, the claimant is asking for consequential damages to his premises by reason of the lawful raising of the grade of the highway in front of his premises, for it is conceded that ·" roadway " is used in the sense of highway in the statement of the claim.

The only distinction attempted to be made between· this case and that of *Warner* v. *State of New York* (132 App. Div.

611; affd., 204 N. Y. 682) is that in the *Warner* case the claimant did not own the fee of the highway, while in the present case the appellant claims to own the fee to the center of the highway. There is no suggestion of negligence or of unlawfulness; no one questions the right of the State, under the statute referred to, to change the grade of highways wherever necessary to the work of developing that other highway, the Barge canal, and unless a different rule applies in the case of ownership of the fee to the center of the highway, the case is governed by the *Warner* case and the dismissal of the claim is in accord with law. All that is claimed to have been done is that the State, within the limits of the highway, has raised the grade. If the grade had been changed upon that part of the highway to which the claimant has no title, the damages resulting would obviously be the same and the claimant would have no right to compensation unless the statute gave it to him. His right as owner of the fee is merely to make such use of the highway as is not necessary to the public for highway purposes, and the change of the grade does not change this right, however much it may interfere with his convenience as an abutting owner. The principle that the sum originally paid on the acquisition of the right of way must be deemed to have included compensation for damages occasioned by changes made necessary to meet the increasing demands of business, or to conform to the requirements of public improvements, as asserted in *Matter of Grade Crossing Comrs. of Buffalo* (209 N. Y. 139, 144) must, it seems to us, prevail here. The grant of a way for a highway is a surrender of the entire use for highway purposes. Any added burden, apart from the legitimate uses of a highway, is a trespass upon the rights of the owner of the fee, but it cannot be said that a change in the grade of a highway, to conform to the requirements of a public improvement of the same general character, constitutes an additional burden. It is still the same highway, serving the same purposes, and the fact that it may incidentally serve a further purpose does not change the law. In this case the part of the highway which actually serves the double purpose is not upon the claimant's land; he is merely an abutter, and the change of his portion of the highway to conform to the remaining grade does not

take his property in any sense; it merely makes consequential damages, which are not recoverable in the absence of a statute providing compensation. While the recent case of *Burmaster* v. *State of New York* (186 App. Div. 131) may be distinguished, it is fundamentally based upon the rule of law announced in *Matter of Grade Crossing Comrs. of Buffalo* (*supra*) and is in harmony with the conclusion here reached.

The judgment and order appealed from should be affirmed, with costs.

Judgment reversed, with costs, and the matter remitted to Court of Claims for its further consideration.