# MEMORANDA

GEORGE DERRICK, Claimant, *v.* STATE OF NEW YORK.

Claim No. 14359.

(Court of Claims, January, 1921.)

*Damages — permanent appropriation of land for Barge canal — canal constructed on both sides of the road on which claimant's hotel property is situated — no invasion of property — consequential damage is dammum absque injuria — Laws of 1918, chap. 612, not applicable — an award made for appropriation of highway in front of claimant's premises — filing of notice of intention unnecessary — Code Civ. Pro. § 264.*

CLAIM for damages for appropriation of land.

Michael J. Larkin, for claimant.

Frank K. Cook, deputy attorney-general, for State of New York.

CUNNINGHAM, J. This claim is for damages alleged to have been sustained by the claimant on account of permanent appropriations of lands by the state of New York for the Barge canal. Pursuant to the Barge Canal Act (Laws of 1903, chap. 147), notices of appropriation and maps were served on certain persons and on the town of Verona, owners of the fee of the lands appropriated. None was served on the claimant. This claim was filed under chapter 640 of the Laws of 1915.

The claimant was the owner of premises situate on the west side of the Cheese Factory road, so called. He conducted a licensed hotel there. At a point about

150 feet north of the claimant's premises, the state appropriated land for the Barge canal, and constructed the canal across the Cheese Factory road, cutting it off at that point. Further, the state, for the same purpose, appropriated the easterly half of the Cheese Factory road, being the half opposite the claimant's premises. Claimant's title ran to the center of this road. It appears, however, that the state actually never has closed or made any physical change in the half of the road so appropriated. Also the state built a new bridge across the Barge canal at a point about 100 feet from the intersection of the Barge canal with the old road which was cut off, and built new roads to said bridge on each side of the canal. The new highway to the bridge near claimant's premises was on a higher grade than the claimant's lands and the Cheese Factory road. This highway approach to the bridge was not on or abutting claimant's premises.

There are three alleged bases for this claim: (1) that the grade and level of the new highway approach to the bridge is at an elevation considerably higher than the surrounding land, and particularly, the claimant's premises; (2) that the cutting off of the Cheese Factory road, as above described, by the Barge canal has lessened or prevented access and traffic to or from the territory beyond the point of severance; and (3) that the appropriation by the state, for the purpose of the Barge canal, of the easterly half of the Cheese Factory road in front of the premises of the claimant was a taking of property of the claimant for which compensation must be made.

No authority is cited to us for the contention that liability follows construction by the state of the new highway approach to the bridge at an elevation higher than claimant's premises in the vicinity. This highway approach to the bridge was built on lands owned by the state, and was not next adjacent to claimant's

premises. There was no invasion or taking of the claimant's property, and no negligence is alleged or proved in the work done. If there has been any consequential damage to the claimant by reason of the grade at which the new road was built, it is *damnum absque injuria. Matter of Grade Crossing Commissioners,* 46 App. Div. 473; affd., 166 N. Y. 69. The provisions of chapter 612, Laws of 1918, do not apply to this situation. The statute refers only to *changes* of grade of a street or highway. The claim involves a new highway, not an old one whose grade has been altered.

Nor is the state liable to claimant for the incidental damage which may have accrued to him by reason of the lessened use of the Cheese Factory road, due to the cutting off by the Barge canal of that road as described. This principle was asserted and applied in the case of *Charlotte A. Bingham* v. *State of New York,* No. 14106, decided in January, 1918; affirmed unanimously, 186 App. Div. 930, in which no opinion was written. This court found, as a conclusion of law, that the claimant would not be entitled to an award even though she suffered damage " by reason of the diversion of the traffic from her place as complained of, because said damages, if any, would be *damnum absque injuria.*" This is in accordance with the principle of various cases determined heretofore by our courts. *Matter of Grade Crossing Commissioners, supra; Fearing* v. *Irwin,* 55 N. Y. 486.

However, the state is liable to the claimant for the appropriation for Barge canal purposes of that portion of the highway in front of his premises. This principle was discussed by us at length in the case of *Weaver* v. *State of New York,* 12 St. Dept. Rep. 8, and by the Appellate Division in *Brooks* v. *State of New York,* 189 App. Div. 24. In the *Weaver* case, part of the highway adjacent to claimant's premises was appropriated by the state for Barge canal purposes, and

we determined that the state was liable therefor, saying: " She is the owner of the right to uninterrupted light, air and access to and from the highway and to have the same and all parts of it remain open, unoccupied, and unobstructed for use and enjoyment as a highway. Her property right is infringed and invaded by any act which subjects the highway to any burden, change or interference amounting to the appropriation, possession or occupation of the highway, or any portion of it, to the special, continuous and exclusive use of the State, a corporation or individual, or in a manner inconsistent with its full and free use and enjoyment for travel and the usual purposes of a public highway. For that reason the courts of this State have afforded to the abutting owner proper compensation when his property right in the street has been invaded or taken by the erection of an elevated railway or of telephone poles within the limits of a public highway in front of his premises. (*Story* v. *New York Elevated Railroad Co.*, 90 N. Y. 122, 156–160, 173; *Eels* v. *A. T. & T. Co.*, 143 id. 133.)"

Of course, the *Weaver* case and the *Brooks* case involved that part of the highway immediately in front of the claimant's premises, and it was to that portion of the highway the opinions mentioned referred. In all parts of the highway in front of the claimant's premises, this claimant had a property right. Its appropriation by the state for canal purposes was a destruction and taking of that property right, for which the claimant must be compensated. *Egerer* v. *New York C. & H. R. R. R. Co.*, 130 N. Y. 108; *Abendroth* v. *Manhattan Railway Co.*, 122 id. 1; *Matter of Mayor, etc., New York* (*Walton Avenue*), 131 App. Div. 696, 713; affd., 197 N. Y. 518.

The claimant's right to compensation is not affected by the fact that no physical destruction or change of the appropriated portion of the highway has occurred as yet. *Matter of Mayor, etc., New York*

(*Walton Avenue*), *supra*. Nor was it necessary in this case to file a notice of intention. This is an appropriation claim within the provisions of the statute, making such notice unnecessary. Code Civ. Pro. § 264; *Oswego & Syracuse Railroad Company* v. *State of New York*, 226 N. Y. 351.

The claimant is entitled to an award, pursuant to the principles mentioned, in the sum of $200.

ACKERSON, P. J., concurs.

Ordered accordingly.