MAYE M. BULL, as Executrix, etc., of WILLIAM P. BULL, Deceased, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 18802.)

Fourth Department, January 7, 1931.

*Hamilton Ward, Attorney-General* [*James Gibson, Second Assistant Attorney-General*, of counsel], for the appellant.

*John S. Lambert* [*Thomas P. Heffernan* of counsel], for the respondent.

THOMPSON, J. By authority of the provisions of chapter 469 of the Laws of 1929 giving jurisdiction to the Court of Claims to hear, audit and determine the claim of respondent's testator for damages to his personal property and lands by the improper construction and maintenance of a highway whereby his property was flooded, respondent, executrix, presented the claim to the Court of Claims and has been awarded the sum of $5,000. The theory upon which the claim was presented and prosecuted by claimant is that in the erection of the highway the State installed and maintained a defective and improper sluiceway, designed to carry off the surface waters draining from a contiguous watershed of about 100 acres sloping gradually towards and converging in a bowl, so called, comprising two acres of land owned by claimant's testator, which plugged up, held the water back and caused the lands to be flooded at various times and seasons from 1921 to 1929 to his injury and damage. The Court of Claims has found that the waters causing such flooded condition were surface waters and has not found that such waters were conducted to the place of the flooding through or over a natural watercourse, nor do we find upon

examination that there is evidence in the record from which such a finding could have been made.

It is fundamental that an adjacent owner of real estate is not required to take care of the surface water coming onto his land from the lands of another. True he may not gather this water and cast it upon adjoining premises by drains or ditches, but in good faith and for the purpose of improving his property, a lower proprietor may fill and grade his lands no matter what may be the consequences with reference to gathering or setting back surface waters upon the land of his neighbor from whose lands the surface waters flow. (*Barkley* v. *Wilcox*, 86 N. Y. 140; *Bennett* v. *Cupina*, 253 id. 436; 16 Cornell Law Quart. 109.) While it was the right as well as the duty of the State in the construction and maintenance of this road to erect and properly care for a sluiceway for the protection of the road, it owed no such duty to adjacent landowners in order to care for surface waters draining from their premises onto the highway.

The State also contends that the Enabling Act violates section 6 of article 7 of the Constitution and is void, in that it attempts to authorize the submission of a claim against the State, which, as between citizens of the State, would be barred by lapse of time. It is our view that the act is not unconstitutional, and that, if otherwise shown entitled thereto, claimant must have an award for the damages sustained within the six years immediately preceding the date of the filing of the claim. If it be made to appear that there was a period of time during which there was no tribunal to which the claim or some integral part thereof could have been submitted, such period shall not be counted in computing the six years above mentioned. (*Oswego & Syracuse R. R. Co.* v. *State*, 226 N. Y. 351, 360; *O'Hara* v. *State of New York*, 112 id. 146.)

For these reasons the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.