E. Alletta Dounce and Others, Respondents, *v.* City of Elmira, Appellant. (5 actions.)

Third Department, December 30, 1932.

*Herschel L. Gardner* [*Harry Moseson* of counsel], for the appellant.

*Mandeville, Waxman, Buck, Teeter & Harpending* [*Fred H. Jeffers* of counsel], for the respondents.

Rhodes, J. Newtown creek is a natural stream flowing in a generally southerly direction through the eastern part of the city of Elmira into the Chemung river. A considerable portion of the area on either side of the creek within the city is, or was originally, low land over which in times of flood its waters spread. The premises of the respective plaintiffs are on the west side of the creek within the low lying area. On the eastern side of the creek the city owns a considerable tract of such low land, sometimes referred to in the record as " City Farm." Upon the eastern portion of its tract the city has constructed and maintains an incinerator plant. A road known as Linden street crosses the creek and runs eastwardly across the low lands of " City Farm," and this street forms a portion of the route to the incinerator plant. The roadway of this route from the creek to the plant across the

low lands has been filled and raised within recent years, the fill varying in height from two feet to over four and a half feet at different places. North of this road the city has dug a drainage ditch or channel which commences in or near Newtown creek, sweeps southerly and westerly in a curve, again entering the creek just north of said road. This drainage ditch is sometimes referred to as " Record Ditch " or " Cameola Creek," and is entirely on the city farm. North of the said road leading to the plant and south of said ditch it is claimed that the city has filled in the low lands by an embankment in the nature of a dike running in a generally easterly direction from Newtown creek.

It is asserted by plaintiffs that before the construction of the said embankment or dike and the filling in of said road, the flood waters of Newtown creek spread over the low lands east of the creek and that whatever flood waters spread west of the creek found their way into a pond and depressions within this low area on the west, so that no serious flooding conditions were experienced as to the properties of the plaintiffs; that as the result of the filling done by the city upon its lands, the flood waters of Newtown creek were prevented from spreading southerly over the low lands east of the creek and were thus forced in greater volume upon the lands west of the creek resulting in higher waters there in flood seasons, thereby causing damage to the plaintiffs' properties for which they have recovered judgments. The so-called " City Farm " has been used as a dump, and as the result of the dumping of ashes and other materials much of the low area has been filled in and the surface has been raised. An area of about seventy-five acres west of the creek embraces the low lands on which are located the properties of plaintiffs, and about ninety per cent of such area has been filled in, the amount of the fill varying from about one foot to four and a half feet. This filling in and grading has been carried on for many years by the property owners. Much material has also been dumped along the banks of the creek, such dumping having been done by various individuals either abutting property owners or others, there being no proof that the city was responsible therefor.

The learned trial judge found:

" 2. That for many years prior to 1925 the flood waters of Newtown creek or a great part of them at flood times followed defined courses over low lands adjacent to the regular channel of said creek.

" 3. That for several years last past the defendant city negligently and carelessly placed dirt, refuse and other matter on premises owned by it but in the course and channels followed by said flood waters; such dirt, refuse and other matter being carelessly filled

in in such quantities and to such a height as to divert flood waters of said creek onto and over plaintiffs' said premises.

" 4. That the defendant city negligently and carelessly dug out and erected other unnatural barriers, which diverted flood waters of said creek onto and over plaintiffs' said premises.

" 5. That said city negligently and carelessly erected and made barriers in the natural stream of said creek, particularly under bridges erected and maintained by said defendant, which barriers diverted flood waters of said creek onto and over plaintiffs' said premises.

" 6. That on or about the 17th day of June, 1930, the waters of Newtown creek flooded its banks and were caused by artificial barriers and fills, made by the defendant as aforesaid, to be deflected onto and over plaintiffs' premises and property damaging the same."

The defendant duly filed exceptions to such findings.

While the city did construct and maintain bridges over the creek, there is no direct evidence that any obstruction created by the bridges caused the flood waters to spread upon the lands of plaintiffs.

The evidence is conflicting as to whether flood conditions were worse before or after the construction of the ditch and fill by the defendant, but it indicates clearly that the flood conditions particularly complained of, those of 1926 and 1930, were abnormal and amounted to cloudbursts. It is impossible to determine to what extent, if at all, the acts of the city contributed to the flooding of the properties of plaintiffs. The evidence, however, is convincing that in flood times the water from the creek spread over the lands to the west prior to the creation by the defendant of the conditions in the ditch and barriers and that they would have done so in the floods of 1926 and 1930 regardless of the acts complained of.

The ancient boundaries of the flood areas have been largely obliterated and radically changed by dumping and filling by property owners and others on each side of the creek; the areas to the west particularly having been built up, developed and filled in. The evidence does not show that in flood times the flood water formed a continuous body with the water flowing in the ordinary channel; to the contrary, it appears that the flood water in spreading out over the lower ground became surface water. It is not proven that said flood water, if it became separated from the channel, was to be regarded as still a part of the creek; the evidence indicates to the contrary. While it is true that the flood waters occupied well-defined areas, the evidence fails to establish that such flood waters flowed in well-defined streams and courses as a part of the

creek; neither is it shown that the obstructions caused by the construction and maintenance of the bridges created an unreasonable interference with the stream. Except as to the bridges, the acts of the city which are complained of were done entirely upon its own land.

Within the authority of *Howard* v. *City of Buffalo* (211 N. Y. 241) and *Bennett* v. *Cupina* (253 id. 436), it must be held that the acts of the city here complained of were legal and that if any damages resulted therefrom to the plaintiffs, such were *damnum absque injuria*.

The findings of fact numbered 2, 3, 4, 5 and 6, and any finding of fact contained in the conclusions of law, should be reversed and findings made to the effect that the flood water of Newtown creek did not flow in defined courses or over regular channels; that such flood water became surface water, separate from the water flowing in the ordinary channel of the creek; that the original surface of the low areas on both sides of the creek, particularly that comprising the properties of the plaintiffs, has been changed by raising and filling done by parties other than the defendant; that the original conditions no longer exist; and that the flooding of the properties of plaintiffs was not caused by any negligent acts of the defendant.

The judgments should be reversed on the law and the facts and the complaints dismissed, with costs.

VAN KIRK, P. J., HINMAN, HILL and CRAPSER, JJ., concur.

Judgments reversed on the law and facts, with costs, and complaints dismissed, with costs in one action. Findings of fact numbered 2, 3, 4, 5 and 6, and any findings of fact contained in the conclusions of law, are reversed. The court finds that the flood water of Newtown creek did not flow in defined courses or over regular channels; that such flood water became surface water, separate from the water flowing in the ordinary channel of the creek; that the original surface of the low areas on both sides of the creek, particularly that comprising the properties of the plaintiffs, has been changed by raising and filling done by parties other than the defendant; that the original conditions no longer exist, and that the flooding of the properties of plaintiffs was not caused by any negligent act of the defendant.