WALLACE POND ICE COMPANY, INC., Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 18709.) — Appeal from an award and judgment of the Court of Claims in the sum of $38,709.08 for damages to claimant's ice houses and ice stored therein. This damage was occasioned by the flooding of claimant's premises on June 14 and 15, 1928. These premises are located close to the westerly side of a State highway, known as the Albany Post Road, and about two miles north of the village of Peekskill, Westchester county, N. Y. In June, 1928, and for some years prior thereto, claimant maintained a dam across the confluence of three streams, which created a pond of some twenty-five acres in extent. From this pond claimant harvested ice and stored it in two large ice houses, the nearest part of which was about seventy-five feet west of the highway. The stream below the dam flowed in an easterly direction under a culvert on the highway and thence southeasterly across the remainder of claimant's premises to the east of the highway. In 1927 the State reconstructed the highway bisecting claimant's premises and raised the elevation thereof to the south of the culvert. The orifice of the culvert over the channel of the stream was not enlarged, but the culvert was widened transversely to the highway. Previous to this alteration of the highway claimant's premises were never flooded. Although the culvert was not adequate to carry the stream during heavy rainfalls the excess water escaped over the old highway to the south. After the alteration and elevation of the highway floods occurred on claimant's premises, some in the fall of 1927, and one in June, 1928, which caused the damage for which the claim herein was made. The trial court found that the rainfall of June 14 and 15, 1928, although heavy, was not unusual; further, that the highway was defective under the Highway Law

(§ 176) as it then existed, in that the culvert was inadequate and no adequate drainage was provided elsewhere; that this defect was the sole cause of the damage. The evidence sustains these findings and others made in connection therewith. The culvert was a part of the highway within the meaning of the statute as it existed in 1928. The State had notice that it was inadequate, and, in elevating the road, it had the duty to enlarge the orifice of the culvert or provide other drainage. The culvert, as a part of the highway, was an interference with the flow of the stream that might normally be anticipated. The case of *Burmaster* v. *State of New York* (186 App. Div. 131) does not apply. The award does not appear excessive. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.