■ DROGEN WHOLESALE ELECTRIC SUPPLY, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 40271.) — HERLIHY, J. Appeal by the State from a judgment entered in the Court of Claims in favor of the claimant and cross appeal by the claimant. The State contends that the trial court erroneously found liability on the part of the State for the flooding of claimant's property, both real and personal, and the claimant contends that the damages awarded are inadequate. It appears that in 1934 the State constructed a bridge across the Susquehanna River connecting the City of Oneonta and the Town of Oneonta. Prior to such construction there had been a bridge in approximately the same location, but its southerly approach across the flood plain "was substantially lower than the existing northerly approach and at its low point 8.5 feet lower than the new southerly approach [1934 bridge]". In the 1934 construction, the southerly approach was raised and was made some 6.75 feet higher than the northerly approach. Prior to the construction of the new bridge, in times of flood, the water would flow over the southerly approach and there had been no serious flooding of the city. Subsequent to such construction, areas within the city which had previously been untouched by flood waters were flooded. The flood at issue occurred April 4, 1961. In 1931 the Department of Public Works compiled the data for the 1934 bridge and at that time had actual knowledge of prior flood peaks at this location. The State's sole argument on this appeal is that "The State was under no duty to permit the free flow of *surface* waters under its causeway." The trial court found "The new bridge and its approaches constituted an interference with the natural flow of the river, and the damage which resulted to claimant's property and the property of others similarly situated, should have been anticipated." There is no doubt that assuming adequate notice, the State is liable where it fails to provide an adequate culvert or other drainage for a stream and its flood waters as to upstream riparian owners. (*Wallace Pond Ice Co.* v. *State of New York*, 259 App. Div. 938.) In *Burmaster* v. *State of New York* (186 App. Div. 131) this court held that merely raising the grade of the existing bridge approaches without more does not give rise to an action for damages even though this resulted in flood waters being held back and upon the claimant's property. The State contends that *Burmaster* v. *State of New York* (*supra*), held that the State was not liable because it was a case of merely obstructing the flow of surface waters, but such is not the case. In *Burmaster* there was no change in the manner or method of drainage theretofore provided by the State and there was no change in the culvert or area directly below the bridge. As the court stated at page 133: "Here there has been no interference with the watercourse; the watercourse could not be presumed to be across and over the surface of a State highway, even though at times it did reach this point. The highway was raised to a point where the waters could not come upon it from the claimant's premises". In the case of *Wallace Pond Ice Co.* v. *State of New York* (*supra*), the State actually reconstructed the highway over the watercourse and failed to adequately provide for the passage of the water which was part of that watercourse, when it had knowledge of the amount of water flowing at flood time. It is to be noted that the State assumes that the flooding waters are surface waters because they are upon the flood plain of the river. Surface waters consist of the accumulation of natural precipitation on the land and its passage thereafter over the land until it either evaporates, is absorbed by the land or reaches stream channels. (93 C. J. S., Waters, § 112.) There is authority for the proposition that flood waters leaving a stream, spreading and settling over the surface of the land, severed from the main current, never to return, become surface

waters. (*Mendelson* v. *State of New York,* 218 App. Div. 210, affd. 245 N. Y. 634; *Dounce* v. *City of Elmira,* 237 App. Div. 379; see, also, *Howard* v. *City of Buffalo,* 211 N. Y. 241, 257–260.) This principle, however, could not help the State, even if it were urged, for there is no finding that the claimant's property was damaged by that type of surface water or by any surface water. Nor does the State request that such a finding should be made or that the record contains evidence to support such a finding. Here, the State is confronted with unequivocal findings that the southerly approach blocked the natural flood plain on the south side of the river and constituted an interference with its natural flow and the State does not challenge these findings. The overflow of the river in this case was undoubtedly caused by surface waters entering the river channel, but there is nothing to show that the flood waters were surface waters and in such case, the rule is that the passageway of the stream is not to be negligently restricted, including such stream waters at flood. (*Wallace Pond Ice Co.* v. *State of New York, supra,* and cf. *Bull* v. *State of New York,* 231 App. Div. 313.) The State has failed to introduce any proof that the flood was unprecedented or that the surface waters were of such a nature as to be a cause apart from the river and its flood plain. The liability found in this case flows from the proof contained in this record. (Cf. *Bianco* v. *New York State Thruway Auth.,* 15 A D 2d 695.) The State raises no other questions in regard to its liability in this case and, accordingly, we consider no other questions. The claimant contends that the damages as to the real property are inadequate. There can be no doubt that assuming liability, the claimant is entitled to be recompensed for the physical damage to the improvements on the real property. The cost of repairing the physical damage is one reasonable guide. However, as the trial court found, there was nothing put in evidence other than expert opinion to show what the cost might be. The claimant's expert opinion was well founded as to general costs, but there was nothing shown to relate it to local costs, and the court had the right to reject it. It appears that the damages to the real property would exceed the amount awarded, but since the record has no adequate proof of such damage we cannot increase the award. The fact that the State's proof of damages lacks substance does not cure the defect in the claimant's proof. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Herlihy, J. [47 Misc 2d 882.]