■ JOHN W. COLGAN et al., Respondents, v TOWN OF HILLSDALE, Appellant, et al., Defendant.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered February 6, 1985 in Columbia County, which denied the motion of defendant Town of Hillsdale for summary judgment dismissing the complaint against it.

Plaintiffs purchased a lot in 1979 on Overlook Drive in the Town of Hillsdale, Columbia County. In 1980, they completed construction of a house located 150 to 200 feet from the edge of the street and 30 to 40 feet above the roadway grade. Overlook Drive is within a 50-foot right-of-way, with the 25 feet between the center line and plaintiffs' property consisting of a nine-foot wide traffic lane, a five-foot shoulder, a one-foot drainage ditch and a backslope of 10 feet, which rises some 12 feet vertically to plaintiffs' boundary line. Defendant Town of Hillsdale (hereinafter defendant) is responsible for maintenance of the roadway area. In February 1981, several hundred

feet of plaintiffs' property bordering the backslope collapsed into Overlook Drive. Plaintiffs commenced this action against defendant and Columbia County seeking damages for (1) the negligent alteration, maintenance, inspection and repair of Overlook Drive, resulting in the channeling of water in such a way as to undermine and erode plaintiffs' property, (2) nuisance, (3) continuing trespass, and (4) de facto taking without compensation. Plaintiffs also sought an injunction to remedy the continuing trespass and prevent further erosion. The County's motion to dismiss the complaint for failure to timely file a notice of claim (General Municipal Law § 50-e [1] [a]) was denied on the theory that plaintiffs' claim was predominately for equitable, rather than monetary, relief. The parties agree that defendant did not receive notice of the County's motion and consequently did not appear. Thereafter, defendant made its own motion for summary judgment, alleging that the complaint failed to state a cause of action. Special Term denied the motion, finding that the prior denial of the County's motion constituted the law of the case and that issues of fact existed as to defendant's liability. Defendant has appealed.*

Initially, we observe that Special Term improperly invoked the law of the case doctrine as to the notice of claim issue since defendant was admittedly never afforded an opportunity to appear on the motion. In any event, we find that plaintiffs were not required to serve a notice of claim since the damages sought may properly be considered ancillary to the requested equitable relief in view of the continuing wrong presented *(see, Dutcher v Town of Shandaken, 97 AD2d 922, 923; Watts v Town of Gardiner, 90 AD2d 615).*

We nonetheless conclude that defendant was entitled to summary judgment dismissing the complaint against it. In support of its motion, defendant tendered the affidavit of its former highway supervisor stating that while defendant maintained Overlook Drive, no alterations to the shoulder and drainage areas abutting plaintiffs' property were made during his tenure from 1974 to 1982, and at no time were any surface or rain waters channeled onto plaintiffs' property. The supervisor further indicated that there were no failures in the backslopes on Overlook Drive prior to the completion of plaintiffs' residence in January 1980. Finally, he indicated that when a portion of the backslope abutting plaintiffs' property collapsed onto the roadway in the spring of 1980,

---

* It appears that the action against the County has been discontinued.

defendant cleared the debris and restabilized the area. In view of this affirmative showing, it was incumbent upon plaintiffs to demonstrate an evidentiary basis for their claims *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Goldstein v County of Monroe,* 77 AD2d 232, 236).

Plaintiffs' opposing papers consist of their attorney's affidavit outlining the operative facts from plaintiff John W. Colgan's examination before trial *(see, Zuckerman v City of New York, supra,* p 563), summarized as follows. In the spring of 1980, plaintiffs noticed certain changes in the slope and drainage area adjacent to their property, including the complete removal of vegetation. Although conceding that they never previously measured the area, plaintiffs suggested that the ditch was deeper and wider, while the slope was angled at a steeper pitch. Thereafter, the ditch began to fill with mud, prompting plaintiffs to contact defendant's highway supervisor. In the late spring or early summer of 1980, part of the backslope collapsed onto Overlook Drive. As previously indicated, defendant undertook the cleanup and restoration of this problem. While uncertain as to the time frame, plaintiffs also noted machine-made markings along the backslope, which defendant's supervisor purportedly acknowledged resulted from its effort to stabilize the area. The erosion continued, and despite plaintiffs' repeated requests for assistance, no further efforts by defendant were undertaken until February 1981, when a substantial portion of plaintiffs' property collapsed into the street, generating the instant lawsuit.

To establish a viable claim, plaintiffs were required to demonstrate that defendant negligently diverted water onto or underneath their property through an artificial channel, occasioning the damage to their property *(see,* 26 NY Jur, Highways, Streets and Bridges, § 210 [1962]). That defendant may have provided inadequate drainage for runoff from the roadway or plaintiffs' property is not enough to render it liable for any resulting harm *(see, Vanguard Tours v Town of Yorktown,* 83 AD2d 866; *Bull v State of New York,* 231 App Div 313; 26 NY Jur, Highways, Streets and Bridges, § 210, at 376 [1962]). Instead, plaintiffs were required to demonstrate some affirmative act on defendant's part in diverting the water onto their property *(cf. Goldstein v County of Monroe,* 77 AD2d 232, 236, *supra; Beck v City of New York,* 23 Misc 2d 1036, 1042, *affd* 16 AD2d 809).

Even viewing the evidence in a light most favorable to plaintiffs *(see, Blake-Veeder Realty v Crayford,* 110 AD2d 1007, 1008), there is no indication that defendant actually diverted

water onto or beneath their premises. While it is clear that defendant performed certain maintenance in the area during 1980, no correlation has been made between these efforts and the drastic collapse of plaintiffs' property in February 1981. The erosion that occurred is as consistent with the runoff from plaintiffs' property as with the effect of the maintenance performed. Although we recognize that summary judgment should be avoided where any arguable basis for a claim exists, in our view plaintiffs' theory of liability is purely conjectural and fails to raise a triable issue of fact as to defendant's conduct *(see, Goldstein v County of Monroe, supra).* Accordingly, defendant's motion should be granted and the complaint dismissed as against it.

Order reversed, on the law, without costs, motion granted and complaint dismissed against defendant Town of Hillsdale. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.

