■ RAYMOND W. STORMES et al., Respondents, v UNITED WATER NEW YORK, INC., et al., Appellants. (Action No. 1.) VIRGINIA TSENEBIS et al., Respondents, v UNITED WATER NEW YORK, INC., et al., Appellants. (Action No. 2.) [923 NYS2d 719]—

In two related actions, inter alia, to recover damages for injury to property, the defendants appeal from an order of the Supreme Court, Rockland County (Kelly, J.), dated August 5, 2010, which denied their motion (1) for summary judgment dismissing all causes of action in action No. 2 alleging that the defendants negligently interfered with surface water, and (2), in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second amended complaint in action No. 1 for failure to state a cause of action to the extent that it seeks to recover damages for negligent interference with surface waters.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion (1) for summary judgment dismissing all claims in action No. 2 alleging that the defendants negligently interfered with surface water, and (2), in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second amended complaint in action No. 1 for failure to state a cause of action to the extent that it seeks to recover damages for negligent interference with surface waters is granted.

The defendants own and operate the Lake DeForest Dam and Reservoir in New York and the Lake Tappan Dam and Reservoir in New Jersey, both of which impound the water flow of the Hackensack River. A predicted rainstorm on April 15, 2007, and April 16, 2007, contributed to significant downstream flooding of numerous properties. These two actions were commenced by the owners of homes and businesses located downstream from the defendants' dams who allegedly sustained damage to their

properties. The actions were joined for the purposes of discovery and trial. The defendants moved for summary judgment dismissing all claims in action No. 2 alleging that they negligently interfered with surface water and, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second amended complaint in action No. 1 to the extent that it seeks to recover damages for negligent interference with surface waters. The Supreme Court denied that branch of the defendants' motion which was summary judgment in action No. 2 on the ground that they failed to introduce evidence that the water entering the plaintiffs' properties was not surface water. The Supreme Court also concluded that the second amended complaint in action No. 1 stated a cause of action by alleging that the defendants' negligent maintenance and operation of their dams/reservoirs caused greater than normal flood conditions since flood waters leaving the Hackensack River through or over the defendants' dams/reservoirs may be considered surface water. We reverse.

Surface waters are defined as an "accumulation of natural precipitation on the land and its passage thereafter over the land until it either evaporates, is absorbed by the land[,] or reaches stream channels" (*Drogen Wholesale Elec. Supply v State of New York*, 27 AD2d 763, 763 [1967]). Surface waters can also form as a result of flood waters detaching from the main current and spreading over land where they remain, never to return to the main current (*id.*; *see also Dounce v City of Elmira*, 237 App Div 379 [1932]). The Court of Appeals has held that an owner of land cannot, by drains or other artificial means, collect surface water into channels and discharge it upon the land of the owner's neighbor to the neighbor's detriment (*see Musumeci v State of New York*, 43 AD2d 288 [1974]).

"In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the facts pleaded must be presumed to be true and accorded every favorable inference, and the sole criterion is whether from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Khoury v Khoury*, 78 AD3d 903, 904 [2010] [internal quotation marks and citations omitted]). The second amended complaint in action No. 1 does not sufficiently plead a cause of action alleging negligent interference with surface waters. It fails to present sufficient factual averments that the water impounded by the defendants' dams/reservoirs which was ultimately discharged during the subject rainstorm was surface water, i.e., the product of the accumulation of natural precipitation on the defendants' land or flood waters that had detached from the river and spread

over the land. Therefore, the Supreme Court should have granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint in action No. 1 to the extent that it seeks to recover damages for negligent interference with surface waters for failure to state a cause of action.

The defendants also established their prima facie entitlement to judgment as a matter of law dismissing all claims in action No. 2 alleging that they negligently interfered with surface water. The defendants demonstrated that they did not collect or interfere with surface water as defined under the law, but rather impounded water from the Hackensack River. Water that is a part of a watercourse, such as a river, is not considered to be surface water (*see Drogen Wholesale Elec. Supply v State of New York*, 27 AD2d 763 [1967]). Because the water impounded by the dams/reservoirs was not surface water, the defendants cannot be held liable for the negligent interference with surface water. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the water being impounded in the defendants' dams/reservoirs constituted surface waters in order to sustain a claim of negligent interference with surface waters. Accordingly, the defendants are entitled to summary judgment in action No. 2 dismissing any claims alleging negligent interference with surface waters. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.