SPEAR *v.* THE ARKANSAS NATIONAL BANK OF HOT SPRINGS.

Opinion delivered January 12, 1914.

1. REPLEVIN—NATURE OF ACTION.—Replevin is not an action for the collection of debt, but is a possessory action for the recovery of specific personal property. (Page 31.)

2. REPLEVIN—MONEY.—Replevin will not lie for money which can not be specially identified. (Page 32.)

3. REPLEVIN—MONEY—IDENTIFICATION.—In an action against a bank for replevin of money, a demurrer to the complaint is properly sustained, where the complaint contains no allegation showing that the bank had in its possession any specific money, capable of identification, but shows only that it had collected for plaintiff, a draft deposited by plaintiff in the usual course of business. (Page 32.)

Appeal from Garland Circuit Court; *C. T. Cotham,* Judge; affirmed.

### STATEMENT BY THE COURT.

This was an action in replevin brought by appellant against appellee for $10,200 in money, currency of the United States, which had been collected by appellee for appellant. A demurrer to the complaint was sustained, whereupon appellant amended his complaint and a demurrer was filed to the complaint as amended and this demurrer was also sustained. The complaint was again amended and contained substantially the following allegations: ''That plaintiff was the owner of and entitled to the possession of the following property, towit: Ten thousand two hundred dollars in money, currency of the United States. That the said ten thousand dollars is a ten thousand dollars which on or about the 25th day of December, 1912, came to the defendant bank in return of

a draft drawn by Ferdinand Piper on his account or against his credit at Fargo, North Dakota, that plaintiff has absolute ownership of one thousand dollars thereof, and special ownership in the remaining nine thousand, two hundred dollars thereof. That his special owner- ship is as collector for the use and benefit of one, Jordan. That said property is wrongfully detained from him by the defendant, the Arkansas National Bank, the cause of the detention thereof by the defendant, the plaintiff is not informed and can not state. That in the service of the order of delivery the sheriff went to the bank of de- fendant to make the levy with the writ of replevin and made same known to the said bank and the president, Chas. N. Rix, and cashier, Chas. O'Bryan, and that at the time, although the actual manual possession of the money was not placed in the hands of the sheriff, evi- dence thereof in the usual course of commercial business, was, in this, towit: That the president of the said bank asked the sheriff where he was going to take the money and the sheriff informed him he would leave it there, and did, at said time, leave on deposit said money with said bank, and take a deposit check for same from said bank which deposit check is made a part of the amended return of said sheriff in this case.'' In addition, the complaint contained the required allegations that the money had not been taken for tax or fine and that the cause of action had accrued within three years and that a delivery had been refused after demand had been made, although it does not appear in the complaint in what manner demand was made. A demurrer was interposed and sustained to the complaint as thus amended and appellant declined to plead further and judgment was rendered in favor of appellee, dismissing the complaint, and appellant has appealed from that action of the court.

*Appellant, pro se.*

On the question whether replevin will lie to recover money from a bank, the principle announced in the case of *Rust Land & Lumber Company* v. *Isom,* 70 Ark. 99, 105, is controlling in this case.

*Rector & Sawyer,* for appellee.

If appellee collected money for appellant, mingled it with other funds and refused to pay it to appellant on demand, as, in substance, the complaint alleges, the relations of debtor and creditor were thereby created. 42 Ark. 62; 48 Ark. 267.

Replevin is a possessory action for the recovery of specific property, and not for recovery of a debt. Kirby's Dig., § 5863. Replevin will not lie for the recovery of money unless it is so marked or labeled as that it may be separately and specifically identified. Green's Pr. & Pl., § § 164-169; 34 Cyc. 1359, Replevin-Money or Scrip; 44 Ark. 447; 62 Ark. 133.

SMITH, J., (after stating the facts). From the allegations of the complaint it appears that appellant deposited with the appellee a draft drawn by one, Piper, on his account or against his credit at Fargo, North Dakota, for the sum of ten thousand, two hundred dollars, and that the bank made the collection for appellant; but it does not appear from any allegation of the complaint that the collection was made by the actual receipt and transmission of any sum of money and no presumption can be indulged to supply that omission in view of the well known custom of banks to the contrary. The affidavit for the order of delivery does not undertake to describe the money further than as "ten thousand, two hundred dollars, in money, currency of the United States."

Replevin is not an action for the collection of debt, but upon the contrary is a possessory action for the recovery of specific personal property. Section 6853 of Kirby's Digest reads as follows: "The plaintiff, in an action to recover the possession of specific personal property, may, at the commencement of the action, or at any time before judgment, claim the immediate delivery of the property, as herein provided." And section 6854 states the requirements of the affidavit to obtain an order of delivery and reads in part as follows: "An order for the delivery of property to the plaintiff shall be made by the clerk when there is filed in his office an affidavit

of the plaintiff, or of some one in his behalf, showing, "first, a particular description of the property claimed," etc.

In the case of *Hawes* v. *Robinson,* 44 Ark. 308, in the opinion by COCKRILL, C. J., it was said: "It is essential to a proper affidavit in replevin that it describe the property sued for in such manner as to afford the means of identifying it." There is nothing in the affidavit or complaint or order of delivery in this case which would have indicated what specific money was to be taken by the sheriff.

The rule is well settled that replevin will not lie for money incapable of specific identification. (See 24 A. & E. Enc. of Law (2 ed.) 481, and cases there cited under note 9). Cobbey and other authors on the subject of replevin state the rule as follows: "Money is not the subject of an action of replevin, unless it is marked or designated in some manner so as to become specific as regards the power of identification, such as being in a bag or package." Cobbey on Replevin (2 ed.) 72, and cases there cited.

As the complaint here contains no allegation showing that appellee had in its possession any specific money capable of identification, but shows only that it had collected for the appellant, a draft deposited by appellant in the usual course of business; no error was committed in sustaining the demurrer and the judgment of the court below is therefore affirmed.