Turner, J.
 

 In the course of its
 
 per curiam
 
 opinion the Court of Appeals said :
 

 “One cannot legally give or assign a chose in possession or a chose in action unless he has some legal or equitable interest to give or assign. And it follows that a person is not a donee or assignee of property unless the concomitant donor or assignor has some interest in property which can be the subject matter of a gift or assignment.”
 

 
 *205
 
 The Court of Appeals here directed attention to the real question for consideration, to wit, was the decedent the owner of the bonds at the time appellant, Nettie Knappe, claims that these bonds were given to her ?
 

 We further agree with the Court of Appeals that the competency of Dr. Smith as a witness was a question of law to be determined by the trial court. However, we do not agree that whether Nettie Knappe was an assignee was a matter of law to be determined by the trial court. Whether the late Mrs. Smith had the right to assign such bonds was a question to be determined by the jury.
 

 The allegation in Nettie Knappe’s answer that in effect she was an assignee or donee was denied by plaintiff’s reply and became an issue for the jury.
 

 Dr. Smith had the right to go on the stand and testify whether he owned the bonds and whether he had ever parted with such ownership.
 

 The trial court in passing upon the motion for new trial said:
 

 “The court had the right in determining whether the defendant [Nettie Knappe] was defending or claiming as the assignee of a deceased person, to conduct a
 
 voir dire
 
 examination, similar to that which the court conducts when a defendant in a criminal case claims a confession was involuntary.”
 

 We are of the opinion that the trial court fell into error here. While such a
 
 voir dire
 
 examination might be proper in determining whether a witness was qualified (which is a question of law for the court to decide), yet whether Nettie Knappe was the assignee of a deceased person was a question of fact and was an issue raised by the pleadings and a matter, therefore, to be determined by the jury. The trial court’s excuse for not presenting this question to the jury was:
 
 *206
 
 “It would be prejudicial to let all the evidence in, and then tell the jury to disregard it later.”
 

 We do not agree that it would be prejudicial to admit all proper evidence on the question of the assignment, provided the trial court charged the jury that if .they found that Nettie Knappe was the assignee of Mrs. Smith who had the right to assign these bonds, then it was the jury’s duty to disregard all testimony of the witness, Dr. Smith, except so much thereof as pertained to matters or events arising or occurring subsequent to Mrs. Smith’s death. On the other hand, if the jury found that Mrs. Smith had no right to assign these bonds,
 
 i. e.,
 
 that Dr. Smith owned the bonds, then the testimony given by Dr. Smith should be considered by the jury in determining the issues in the case.
 

 We are not losing sight of the rule that in replevin the right of possession does not rest upon the weakness' of a defendant’s case but does depend upon the strength of plaintiff’s case. The plaintiff must show title with the right of possession or the right of possession alone. However, a defendant may not come into court and by mere
 
 ipse dixit
 
 that she is the assignee of a decedent, foreclose the plaintiff. The plaintiff has the right to show by competent testimony that the assignee’s claimed assignor or donor had no right of property or possession which could be assigned.
 

 It is a matter of indifference to Mrs. Smith’s estate whether Nettie Knappe wins or loses. The answer sets up a gift and no recourse can be had upon Mrs. Smith’s estate if Nettie Knappe loses. This is a lawsuit between Dr. Smith and Nettie Knappe. The General Assembly never intended that Section 11495, General Code, should be used as a sword rather than as a shield.
 

 
 *207
 
 In the case of
 
 Roberts
 
 v.
 
 Briscoe,
 
 44 Ohio St., 596, 601, 10 N. E., 61, Judge Dickman said:
 

 “The purpose and policy of the law in preventing' a party from testifying, where the adverse party is an executor or administrator, is to guard the estates of decedents against the setting up of fraudulent defenses, and the establishment against them of fraudulent claims, or unfounded causes of action.
 
 Dudley
 
 v. Steele, 71 Ala., 426. Besides, when one of the parties to a contract can not give his version of it, the other party thereto should not be admitted to testify in his own favor. Where there is no mutuality there should not be admissibility; and when the lips of one party to a contract are closed by death the other party should not be heard as a witness. Wharton on Ev., Section 466. But what is intended for the benefit and protection of the estate should not be permitted to operate as a source of injury. # * * The facts upon which he founds his defense, or upon which he bases his claim, may be locked up in the breast of the adverse party, and without his testimony a failure of justice may ensue. The Legislature could not have designed to place the estates of deceased persons at such disadvantage by depriving them of evidence, within reach, necessary to their protection against imposition and fraud.”
 

 It was said by Judge Hart in the case of
 
 In re Estate of Butler,
 
 137 Ohio St., 96, 113, 28 N. E. (2d), 186:
 

 “Section 11493, General Code, abrogates the common-law rule as to the competency of witnesses and makes all persons having sufficient mentality and comprehension competent to testify in all cases. Sections 11494 and 11495, General Code, are exceptions to Section 11493, Genera] Code, and must be strictly construed. ’ ’
 

 See, also, the language of Judge Robinson at page 211 in the case of
 
 Stream
 
 v.
 
 Barnard, Exrx.,
 
 120 Ohio
 
 *208
 
 St., 206, 165 N. E., 727, 64 A. L. R., 1144; paragraph four of the syllabus in the case of
 
 Weis
 
 v.
 
 Weis,
 
 147 Ohio St., 416, 72 N. E. (2d), 245; and the writer’s language in the case of
 
 Goehring
 
 v.
 
 Dillard, a Minor,
 
 145 Ohio St., 41, 50, 60 N. E. (2d), 704, 158 A. L. R., 299.
 

 The question of Nettie Knappe’s right to possession was a question of law to be determined by the court. If the jury finds from a preponderance of the evidence that Mrs. Smith did not own the bonds at the time of the claimed assignment to Nettie Knappe (that is, that Dr. Smith owned and had never parted with the title to the bonds), Dr. Smith’s relevant and material testimony should be considered by the jury. Of course, the jury should be instructed that if it finds that Dr, Smith has failed to prove his ownership or right to immediate possession by the greater weight of the evidence his testimony should be disregarded except such as pertained to matters or events occurring after Mrs. Smith’s death.
 

 We are of the opinion that the foregoing procedure would comply with the provisions of Section 11495, General Code, the first paragraph of which reads in part as follows:
 

 “ A party shall not testify when the adverse party is * * * or claims or defends as * # * assignee * * * of a deceased person * *
 

 We agree that the competency of a witness to testify when challenged and the competency of proffered testimony of a witness when challenged are to be decided by the court. However, the instant case involves not only the competency of the witness and testimony but a decision upon an issue of fact which is a matter for the jury and not for the court.
 

 
 *209
 
 We are of the opinion, therefore, that the judgment of the Court of Appeals reversing the judgment of the trial court should be and hereby is affirmed subject to the law as interpreted in the foregoing opinion.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman and Stewart, JJ., concur.
 

 Matthias and Hart, JJ., concur in the judgment.
 

 Taft, J., concurs in paragraphs one, two, three and five of the syllabus and in the judgment, but dissents from paragraph six of the syllabus.