32 A.D.2d 959 (1969)
In the Matter of The Equitable Life Assurance Society of the United States, Appellant,
v.
Rosalind Branch, as Guardian of Judy Branch, an Infant, et al., Respondents
Appellate Division of the Supreme Court of the State of New York, Second Department.
July 14, 1969
Christ, Acting P. J., Brennan, Rabin, Hopkins and Martuscello, JJ., concur.
Order reversed insofar as appealed from, on the law, without costs, and motion and cross motion for summary judgment denied. No questions of fact were considered.
*960 Petitioner (hereinafter referred to as "Equitable") issued a group life policy to the trustees of a union welfare fund under which the erstwhile infant's grandfather's life was insured in the sum of $4,000. Under the policy the proceeds were payable to the beneficiary designated in the records of the union. Following the insured's death, Equitable was advised by the trustees in July, 1964, that the beneficiary designated in the union records was this infant, Judy Branch. Letters of guardianship of the latter's property were duly issued to her mother and on or about July 13, 1964, Equitable paid the insurance proceeds jointly to the guardian and the Guardianship Clerk of the court. The proceeds were placed in a savings account pursuant to a decree of the Surrogate's Court. Shortly thereafter Equitable received another claim for the same proceeds from one Melvin Green. Upon inquiry the trustees certified to Equitable that the insured had changed his designation of beneficiary approximately five months prior to his death and Green was the true beneficiary. The precise reason for the trustees' error regarding their original certification of beneficiary does not appear in the record. In any event, Equitable paid a second time, to Green, and commenced the instant proceeding in January, 1968, to recover the proceeds paid to Judy Branch's benefit. In our view, both the motion and cross motion for summary judgment should have been denied. The learned Surrogate held that this proceeding was in the nature of replevin and, since the Statute of Limitations for such an action is three years, the proceeding was, accordingly, time-barred. This characterization of the proceeding mandated the Surrogate's disposition of the motions. In our opinion, the proceeding is not in the nature of replevin. It is fundamental that "In order to be recoverable in replevin, property must exist in specie so as to be capable of identification" (12 Carmody-Wait 2d, New York Practice, § 82:18, p. 570). Ordinary currency, as a rule, is not subject to replevin (Sager v. Blain, 44 N.Y. 445). Where currency can be specifically identified, for example, where particular bills are sought to be recovered, replevin will lie (Graves v. Dudley, 20 N.Y. 76). In our view, the moneys on deposit in the joint bank account of the guardian and Guardianship Clerk are not specifically identifiable within decisional law so as to qualify as the subject of a replevin action. The petition clearly states an action for moneys had and received or for unjust enrichment, which is governed by the six-year Statute of Limitations (CPLR 213, subd. 2). Accordingly, the proceeding was not time-barred. Notwithstanding that the proceeding was timely brought, in our view summary judgment should have been denied to both sides because issues of fact exist, inter alia, as to (1) whether the original payment was the result of a mutual mistake of fact; (2) whether that payment has caused any change in Judy Branch's position which would render a refund inequitable; and (3) whether payment to Melvin Green without affording Judy Branch an opportunity to contest Green's claim operated to Judy Branch's prejudice, thus rendering a refund inequitable. These questions ought not to be decided upon affidavits.