WALTHER et al., Appellants,

v.

CENTRAL TRUST COMPANY, N.A., Appellee.

CENTRAL TRUST COMPANY, N.A., Appellant,

v.

DAYTON WALTHER CORPORATION et al., Appellees.

[Cite as *Walther v. Central Trust Co., N.A.* (1990), 70 Ohio App.3d 26.]

Court of Appeals of Ohio,
Montgomery County.

No. 11999.

Decided Oct. 23, 1990.

**28**

*Arthur Hollencamp,* for Robert N. Walther et al.
*Kevin J. O'Brien,* for Dayton Walther Corporation.

FAIN, Judge.

Plaintiff-appellant Robert N. Walther appeals from the dismissal of his replevin claim for funds located in a bank account at Central Trust Company, N.A., and also from the trial court's decision overruling Walther's motion for summary judgment on the replevin claim.

Walther claims that the trial court erred when it denied his motion for summary judgment on the replevin claim as a matter of law and dismissed the replevin claim upon the ground that a sum of money in a bank account does not constitute "specific personal property"; and that the trial court erred in dismissing Walther's replevin claim on the basis of forum *non conveniens.*

We conclude that the trial court was correct in denying Walther's motion for summary judgment on the replevin claim and in dismissing the replevin claim on the basis that a depositor's interest in a bank account does not constitute specific personal property pursuant to R.C. 2737.03. We further

conclude that the trial court did not abuse its discretion in dismissing the replevin claim alternatively upon forum *non conveniens* grounds. Therefore, the judgment of the trial court will be affirmed.

## I

Robert N. Walther, son of decedent James Walther, is co-trustee of the James W. Walther Trust. James Walther owned 301,965 shares of Dayton Walther Corporation ("DWC") common stock, and the estate of James W. Walther became record owner of such shares upon James Walther's death.

In 1979, James Walther executed a promissory note to DWC. The exact amount of the note is in dispute between the estate and DWC, and the promissory note was notated "under protest" when executed by James Walther, who was an Indiana resident. DWC filed a claim in Indiana in the estate of James Walther for the balance due on the promissory note. The claim was disallowed and docketed on the trial docket of the Wabash Circuit Court in 1986. This claim is currently pending in the Indiana court.

Simultaneously, DWC filed an action against Robert N. Walther in the Montgomery County Court of Common Pleas (case No. 86–2133) claiming the balance allegedly due on the promissory note. The trial court dismissed the action with prejudice, finding that DWC's previous Indiana claim was properly within the subject matter jurisdiction of the Indiana court.

In September and December 1986, DWC declared and paid dividends of 12.5 cents per share of common stock to its shareholders. In due course, the estate of James Walther would have received dividends in the amount of $37,745.63 from DWC in September and December. However, DWC transferred funds from its dividend disbursement account at First National Bank of Cincinnati, n.k.a. Star Bank, N.A., to a "Special Fund Account" at the Central Trust Dayton office, instead of paying the dividends to the estate. The transfer was accomplished by DWC depositing checks payable to the order of the James W. Walther estate, and drawn on the dividend disbursement account, into the Central Trust Special Fund account. DWC subsequently notified the estate that it had applied the dividend proceeds toward satisfaction of the balance due on the promissory note.

A subsidiary of Variety Corporation acquired DWC in December 1986. The shareholders were to receive $42.39 per share of DWC common stock as a liquidating dividend. Trust A of the Walther estate held twenty thousand shares of common stock. However, Trust A received $824,324.83, instead of $847,800 allegedly due from the sale.

The amount deducted ($23,475.17) from Trust A's liquidation proceeds was deposited into the Special Fund Account at Central Trust by James Ritter of DWC. The estate was subsequently notified of DWC's actions.

Robert Walther instituted an action in 1988 (case No. 88–3254) for breach of warranty, breach of fiduciary duty, conversion, and replevin against DWC, Central Trust, Star Bank, and Taft, Stettinius & Hollister. Central Trust then brought an action against DWC for indemnity (case No. 88–3258). The two actions were consolidated. The trial court granted defendant's motion to dismiss claims one, two, three and six, finding that plaintiff Walther never received actual or constructive delivery of the DWC checks payable to the estate, and, therefore, the checks were not negotiable instruments as required under a breach of warranty claim as well as under a conversion claim. The trial court preserved the breach of fiduciary duty and replevin claims for further proceedings.

Subsequently, the trial court sustained DWC's motion for summary judgment on the breach of fiduciary duty claim finding that no "escrow agency or other relationship existed between defendant Taft and Walther." In addition, the trial court dismissed the replevin claim, denying Walther's motion for summary judgment, and found that Walther's claim was an action to collect a debt and not one to obtain possession of specific personal property pursuant to R.C. 2737.01. From this decision, order and entry, Walther appeals.

## II

Walther's first assignment of error is as follows:

"The trial court committed reversible error by refusing to grant a replevin claim as a matter of law when the plaintiffs' rights to possession and ownership of the res was admitted; the property at issue was interplead into the court and held in a bank account by agreed order; the sole defense to the plaintiffs' possessory interest was a common law claim of set-off which fails as a matter of law; even if said set-off right were valid, it was not exercised; there is no genuine issue as to any material fact; reasonable minds can come to but one conclusion construing the evidence most favorably in Dayton Walther Corporation's favor; and said conclusion is adverse to Dayton Walther Corporation."

Walther's Second Assignment of Error is as follows:

"The trial court erred as a matter of law in ruling that 'all funds located in Central Trust, N.A., account no. 350176373, entitled Dayton Walther Special Fund Account,' did not constitute specific personal property sufficient to qualify as an object of a replevin claim under Ohio law."

In determining whether a motion for summary judgment should be granted, the trial court considers the following criteria: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

The facts in this case are not significantly in dispute. There is disagreement as to the amount of money the decedent owed DWC; however, the legitimacy of DWC's claim against James Walther's estate is the subject of a suit pending in Indiana. Robert Walther's current action against DWC is based upon a replevin claim for funds located in Central Trust's Dayton office. Therefore, there is no genuine issue as to any material fact in dispute in the Ohio action.

■ According to *Harless*, the moving party must be entitled to judgment as a matter of law. DWC has admitted that the estate had a right to the dividend and acquisition proceeds, but that it exercised the right to set off those funds. Walther contends that he has made a demand for return of the property, that such property is specific identifiable personal property of the estate, and, therefore, the estate is entitled to judgment as a matter of law.

■ Ohio law is unsettled as to whether money deposited in a bank account constitutes specific personal property subject to a replevin claim. We conclude that a bank account balance is an intangible asset that does not qualify as an object of a replevin claim.

Pursuant to R.C. 2737.02, "[t]he possession of specific personal property may be recovered in a civil action prior to the entry of judgment, only as provided in sections 2737.01 to 2737.20 of the Revised Code."

R.C. 2737.03 provides in part:

"Any party to an action involving a claim for the recovery of specific personal property, upon or at any time after commencement of the action, may apply to the court by written motion for an order of possession of the property. The motion shall have attached to it the affidavit of the movant, his agent, or his attorney containing all of the following:

"(A) A description of the specific personal property claimed and the approximate value of each item or category of property claimed * * *."

■ A replevin action provides the means to obtain possession of specific personal property that one has a right to possess. Where one claims title to, and the right to immediate possession of, specific personal property which is

wrongfully detained from him, he has the right to recover possession of that property by an action in replevin. *Service Transp. Co. v. Matyas* (1953), 159 Ohio St. 300, 50 O.O. 298, 112 N.E.2d 20, paragraph one of syllabus. A plaintiff in a replevin action must rely on his own right to immediate possession. He "cannot prevail by reliance on the weakness of the title or right of possession of the defendant." *Kelley Kar Co. v. Finkler* (1951), 155 Ohio St. 541, 44 O.O. 494, 99 N.E.2d 665, paragraph one of syllabus; *Smith v. Barrick* (1949), 151 Ohio St. 201, 39 O.O. 31, 85 N.E.2d 101, paragraph one of the syllabus.

The Ohio replevin statute and case law focus upon two aspects of a replevin action: first, the possession of specific personal property, and second, the right to possess such property.

█ Specific personal property "must be described with sufficient clarity 'so that it can be identified by the officer serving the process.'" The action of replevin requires that the property be capable of identification and delivery, and "unless the chattel * * * is so described that it may be identified by reasonable means, the right to possession means nothing." *Lyons v. Shearman* (1954), 245 Iowa 378, 381, 62 N.W.2d 196, 197.

It has been held that "monies on deposit in * * * [a] joint bank account * * * are not specifically identifiable within decisional law so as to qualify as the subject of a replevin action." *Equitable Life Assurance Soc. of the U.S. v. Branch* (1969), 32 A.D.2d 959, 960, 302 N.Y.S.2d 958, 960.

█ In rejecting an action for replevin of money against a bank, it was held that the bank had no specific money, capable of identification, in its possession when the bank had collected a draft deposited by the plaintiffs in the usual course of business. *Spear v. Arkansas Natl. Bank* (1914), 111 Ark. 29, 163 S.W. 508. A replevin action will not lie for a fund of money that is not specifically segregated, set aside, or specifically identified. Money is not considered specifically identifiable unless it is marked or designated by being in a bag or package. *1967 Senior Class of Pekin High School v. Tharp* (1967), 261 Iowa 539, 542, 154 N.W.2d 874, 876; *Eller v. Myers* (1940), 229 Iowa 114, 119, 294 N.W. 232, 233–234.

Furthermore, "tangible evidence of intangible property may be recovered in replevin action, if issue is entitlement to immediate possession of physical object and not ownership of intangible right represented by tangible evidence." Money deposited in a fund is intangible property and cannot be recovered in a replevin action for monies. *Williams Mgt. Enterprises, Inc. v. Buonauro* (Fla.App.1986), 489 So.2d 160, at headnote two, and at 163–164.

An account is a right to the payment of money and is considered intangible property. By its very nature, intangible personal property is not capable of being physically possessed. A bank *account* cannot be physically possessed, even though the bank book or certificate evidencing the bank's obligation on the account may be in someone's physical possession. Consequently, although the bank book or certificate of deposit may, under certain circumstances, be the subject of a replevin action, the intangible asset evidenced by the bank book or certificate of deposit cannot be the subject of a replevin action.

The Special Fund Account at Central Trust is identifiable by a specific account number and is in an amount equal to the amount that the estate claims as dividends and sale proceeds. DWC admitted that the estate was entitled to sale proceeds and dividend checks equivalent to the amount in the Central Trust account. However, the bank account is intangible property that cannot be physically possessed. Because the essence of a replevin action is the right to possess specific personal property, we hold the bank account located at Central Trust is not a proper object for a replevin action.

We conclude that the trial court was correct in denying Walther's motion for summary judgment as a matter of law, and in dismissing Walther's replevin claim for the bank account located at Central Trust as a claim upon which relief could not be granted.

Walther's first and second assignments of error are overruled.

### III

Walther's Third Assignment of Error is as follows:

"The trial court erred as a matter of law in dismissing the plaintiffs' replevin claim on the basis of forum *non conveniens.*"

The December 7, 1989 decision and order of the trial court states:

"Even if this Court had not sustained motions against all the claims of Plaintiffs in this lawsuit, the Court would now grant dismissal on the basis of forum non conveniens pursuant to the authority of *Chambers v. Merrell–Dow Pharmaceutical[s],* 35 Ohio St.3d 123 [519 N.E.2d 370] (1988). This Court, balancing the public and the private interests pursuant to the designated criteria in *Chambers, supra,* finds that the proper place to thrash this thing out is where it was begun and where it continues to be—Indiana."

The judgment entry later filed by the trial court contains no reference to a dismissal of the case on the basis of forum *non conveniens.* "A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." *Schenley v. Kauth* (1953), 160 Ohio St.

109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus; *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851. An "appellant cannot appeal dicta." *Ruffin v. Sawchyn* (June 1, 1989), Cuyahoga App. No. 55466, unreported, 1989 WL 59247.

After considering the above language from the trial court's decision and the journal entry lacking any reference to the doctrine of forum *non conveniens* as a basis for the dismissal of Walther's replevin claim, we conclude that the trial court's judgment of dismissal did not rely upon forum *non conveniens* grounds.

Furthermore, a trial court's dismissal of a claim upon forum *non conveniens* grounds should not be reversed absent a clear abuse of discretion. In its decision, the trial court balanced the public and private interests pursuant to criteria in *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370. Substantial deference should be given to the court where its consideration and balancing of all relevant public and private interests are reasonable. *Id.* We would not be prepared to hold that the trial court abused its discretion in finding that it was a forum *non conveniens* for the replevin claim, even if that finding had had any impact upon the trial court's decision to dismiss the claim.

Walther's third assignment of error is overruled.

## IV

All of Walther's assignments of error having been overruled, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

WILSON and BROGAN, JJ., concur.