[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR REPLEVIN
This case comes to this court as a hearing on a prejudgment remedy of replevin. On June 26, 1995, this court heard the issues and requested briefs. The issue was whether funds on deposit in a bank are subject to an action of replevin under Connecticut General Statutes or law.
The court finds that the general rule in Connecticut is that claimants who have rights to collect a debt do not have the right to replevin money. CT Page 7646
The court finds no Connecticut case exactly on point.
In order to state a legally sufficient cause of action for an order of replevin, a claimant must set forth allegations meeting each of the elements under § 52-515, the replevin statute. That statute provides as follows:
 The action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property interest with a right to immediate possession and which are wrongfully detained from him in any manner, together with the damages for such wrongful detention. (Court's emphasis)
In construing a predecessor version of § 52-515 with almost identical wording, the Supreme Court of Connecticut rejected the claim that money is subject to a writ of replevin.
 "The action of replevin . . . is purely a statutory one, and, while originally restricted within very narrow limits, may now be maintained for `any goods or chattels in which the plaintiff has a general or special property, with a right to their immediate possession. . . . Money is not repleviable, whether it be in the form of coin or paper, after it has passed out of the hands of the original wrong-doer and become mingled with the general mass of the circulating currency of the community." (Citations omitted.)
Lowell v. Hammond Company, 66 Conn. 500, 511 (1895). The Lowell
decision has not been rejected, modified or criticized by the Supreme Court. The holding in Lowell is consistent with the definition of "goods" found in the Uniform Commercial Code as adopted by Connecticut in § 42a of the General Statutes. For the law of sales, the concept of goods means "all things . . . which are movable . . . other than the money in which the price is to be paid." See Connecticut General Statutes § 42a-2-105. In Article 9, 42a-9-105 (1h), goods includes "all things which are movable . . . but does not include money. . . ." It is a standard cannon of statutory construction that "the legislature in enacting statutes is presumed to be aware of the existence of other legislation on the same or related issues; . . . and `"statutes are to be interpreted with regard to other relevant statutes because the legislature is presumed to have created a consistent body of law.'" In re Valerie D, 223 Conn. 492, 524
CT Page 7647 (1992). (quoting Baybank Connecticut, N.A. v. Thumlert, 222 Conn. 784,790 (1992) (citation omitted). The legislature has twice defined the term goods so as to specifically exclude money from the definition. It is reasonable to assume that the legislature intended those meanings to be employed in the statute authorizing an action for replevin. In Connecticut, money does not fall within the definition of goods and, therefore, cannot be properly the subject of an action for replevin.
No Connecticut case has been presented by either party addressing whether money on deposit in a bank account is subject to replevin. Cases from other jurisdictions have addressed the answer in the negative. In a widely cited New York case for example, the Appellate Division held that "[i]t is fundamental that `In order to be recoverable in replevin, property must exist in specie so as to be capable of identification'. . . [i]n our view, the monies on deposit in the joint bank account . . . are not specifically identifiable within decisional law so as to qualify as the subject of a replevin action." Equitable LifeAssurance Society of the United States v. Branch, 302 N.Y.S.2d 958,959 (N.Y.App.Div. 1969). (Citation omitted.) That case concerned the insurance company's claim to recover insurance proceeds it mistakenly paid to the defendant's ward. Replevin was denied even though the funds had been deposited in a court supervised savings account maintained jointly by the guardian and the clerk of the court. Thus, even where the funds in question are segregated in a designated bank account and not otherwise mingled with other funds from other sources the determination of the right to such funds is not properly made by an action for replevin.
In Walther v. Central Trust Co.N.A, 590 N.E.2d 375, 379 (Ohio App. 2 Dist. 1990), the court, citing Equitable Life InsuranceCompany, states that "[a] replevin action will not lie for a fund of money that is not specifically segregated, set aside, or specifically identified. Money is not considered specifically identifiable unless it is marked or designated by being in a bag or package." (Citations omitted.)
In the present case, the plaintiff's application for prejudgment remedy identifies the object of their replevin request as "$204,719.00 contained in the certain bank account located at People's Bank . . . bearing account number 19-70077098 which represents the profits of plaintiff's from certain business operations. . ." In their proposed complaint, plaintiffs identify CT Page 7648 the object of their replevin request as "funds contained in" that People's Bank Account." Plaintiffs do not and cannot allege that the profits they seek to have seized and turned over to them are embodied in an identifiable instrument or even in currency subject to specific identification by serial numbers. On the contrary, just as the unsuccessful claimants in the decisions discussed above, plaintiffs seek an order directed solely at a bank account which by definition constitutes a right of or credit to the account holder as against the bank, not a tangible good or chattel capable of being possessed or physically seized within the meaning of Connecticut General Statutes § 52-515.
The Ohio court in Walther said "An account is a right to payment of money and is considered intangible property. By its very nature, intangible property is not capable of being possessed. A bank account may not be physically possessed even though the bank book or certificate evidencing the bank's obligation on the account may be in someone's physical possession. Consequently, although the bank book or certificate of deposit may, under certain circumstances be the subject of a replevin action, the intangible asset evidenced by the bank book or certificate cannot be the subject of a replevin action."Walther v. Central Trust Co. N.A., supra, 590 N.E.2d 379 (italics omitted.) Accordingly, the application for replevin as a prejudgment remedy is denied.