PINNACLE BANK, APPELLEE, V. DARLAND CONSTRUCTION CO. AND
COMMERCIAL MASONRY, INC., APPELLEES, AND WATKINS
CONCRETE BLOCK COMPANY, INC., APPELLANT.
709 N.W.2d 635

Filed January 27, 2006.    No. S-04-1062.

Shannon L. Doering for appellant.

Joel M. Carney, of Walentine, O'Toole, McQuillan & Gordon, for appellee Pinnacle Bank.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This appeal requires us to decide whether a party can replevy money that has been paid out in a garnishment proceeding. Watkins Concrete Block Company, Inc. (Watkins), a creditor of Commercial Masonry, Inc. (Commercial), garnished funds from Darland Construction Co. (Darland), which owed money to Commercial. Pinnacle Bank (Pinnacle) held a perfected security interest in all property, proceeds, products, and accounts of Commercial. After the garnishment order, but before Darland released the funds to Watkins, Pinnacle declared Commercial in default. Pinnacle later filed this replevin action seeking a return of the funds obtained by Watkins. The Douglas County Court determined that under Neb. U.C.C. § 9-315 (Reissue 2001), Pinnacle held a security interest in the money because it was identifiable cash proceeds of collateral and entered judgment for Pinnacle. The district court for Douglas County affirmed, and Watkins appeals.

We determine that a writ of replevin cannot be issued for the return of funds that are not specifically set aside or identified. We reverse, and remand with directions to dismiss.

## STIPULATED FACTS

The parties tried the case on stipulated facts. In June 1999, Commercial obtained a loan from Pinnacle. Pinnacle obtained and perfected a security interest in inventory and in accounts, instruments, documents, chattel paper, and other rights to payment. In 2001, Pinnacle obtained another security agreement from Commercial and perfected the security interest in February 2002. On December 5, Watkins obtained a judgment against Commercial in the district court for Lancaster County for $68,007.99.

On December 23, 2002, Pinnacle loaned $10,000 to Commercial, and on January 1, 2003, it renewed Commercial's operating line of credit of $50,000 by a promissory note. Pinnacle secured the note with the 2001 security agreement.

Darland had subcontracted with Commercial for masonry work on a grocery store. Commercial provided services under the subcontract and invoiced Darland for its services. As of February 20, 2003, Darland owed Commercial about $22,282.20.

In February 2003, Watkins filed a garnishment proceeding against Darland in the district court for Lancaster County to attempt to collect on the judgment against Commercial. The court ordered Darland to pay the amount it owed Commercial to the court as partial satisfaction of the judgment.

Before Darland paid the funds into the district court for Lancaster County, Pinnacle declared Commercial in default of the promissory note, accelerated amounts due, and demanded immediate payment. Pinnacle also notified Watkins and Darland of its security interest in Commercial's accounts receivable and demanded that Watkins cease its garnishment of Commercial's accounts. But other than the notification and demand, Pinnacle did not commence legal action to obtain property from Darland or Watkins until it filed its claim.

Hearings were held in county court on Commercial's objection to the garnishment, and the objections were overruled. Darland initially disregarded the order to pay, but later paid the amount garnished to the Lancaster County District Court after an order to

show cause was filed. The Lancaster County District Court issued a check for the funds, which Watkins cashed the same day. Three days later, Pinnacle filed a "Petition at Law in Replevin" in the Douglas County Court, specifically seeking a writ of replevin to obtain the funds. Watkins filed an answer which included the defense that Pinnacle failed to state a claim.

The Douglas County Court found that Pinnacle could recover the funds under § 9-315. Without discussing whether Pinnacle could use a writ of replevin to recover the funds, the court entered judgment against Watkins. The district court for Douglas County affirmed. Watkins appeals.

## ASSIGNMENTS OF ERROR

Watkins assigns, consolidated and rephrased, that the district court erred by (1) concluding that an action for replevin was proper, (2) applying superseded sections of the Nebraska Uniform Commercial Code, (3) determining that Watkins was not a transferee and that the money was subject to Pinnacle's security interest under § 9-315, and (4) concluding that Pinnacle did not waive its claim to the garnished money.

## STANDARD OF REVIEW

■ Whether a complaint states a claim is reviewed de novo. See, generally, *Grey v. Wilburn*, 270 F.3d 607 (8th Cir. 2001); *Weeder v. Central Comm. College*, 269 Neb. 114, 691 N.W.2d 508 (2005).

## ANALYSIS

### REPLEVIN

Watkins contends that the garnished money was not the proper subject of a replevin action because it is not " '*specific* personal property.' " Brief for appellant at 10. It further argues that the courts improperly treated the action as an action for conversion.

■ We have never addressed whether money is subject to replevin. We have held, however, that the object of a replevin action is to recover specific personal property. *Arcadia State Bank v. Nelson*, 222 Neb. 704, 386 N.W.2d 451 (1986). A writ of replevin is a specialized writ that allows specialized remedies for the protection and return of specific property. See Neb. Rev.

Stat. §§ 25-1093 and 25-10,110 (Reissue 1995 & Supp. 2005). Thus, it has been held that an action for replevin requires that the property at issue be capable of identification and delivery. *Walther v. Central Trust Co., N.A.,* 70 Ohio App. 3d 26, 590 N.E.2d 375 (1990). In addition, courts from other jurisdictions unanimously agree that unless money is marked or otherwise labeled for identification, it is not subject to replevin because it is not specifically identifiable. *Walther v. Central Trust Co., N.A., supra; Williams Management Enterprises v. Buonauro,* 489 So. 2d 160 (Fla. App. 1986); *Matter of Equitable Life Assur. Soc. of U. S. v. Branch,* 32 A.D.2d 959, 302 N.Y.S.2d 958 (1969); *1967 Senior Class of Pekin H.S. v. Tharp,* 261 Iowa 539, 154 N.W.2d 874 (1967); *Spear v. Arkansas National Bank,* 111 Ark. 29, 163 S.W. 508 (1914); *Lovell, Trustee, v. Hammond Co.,* 66 Conn. 500, 34 A. 511 (1895).

■ The reasoning behind the rule requiring money to be specifically identified is that money is intangible property, and thus, a bank account cannot be physically possessed. See, e.g., *Walther v. Central Trust Co., N.A., supra.* So, unless currency has been specifically marked for identification or specifically set aside in a separate package, it is not specific personal property. *Id.* In addition, money that has become commingled with the circulating currency cannot be the subject of replevin. *Lovell, Trustee v. Hammond Co., supra.* We agree and hold that money cannot be subject to an action for replevin unless it is specifically identified.

Here, Pinnacle consistently sought a writ of replevin, stood on its pleading, and proceeded to trial solely on a theory of replevin. But the money consisted of a check that was cashed. Thus, the funds are—or were—either held as cash or in Watkins' bank account. The specific funds were not marked or set aside in a manner that would allow them to be specifically identified. Therefore, the funds were not subject to an action for replevin. Accordingly, the county court should have dismissed Pinnacle's complaint as requested by Watkins in its answer.

## CONCLUSION

We determine that Pinnacle cannot seek a writ of replevin for money that was not specifically identified. Accordingly, we

reverse, and remand with directions to the district court to order the county court to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.

STEPHAN and McCORMACK, JJ., not participating.