# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**908**

**CA 13-02239**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

RACHEL HECKL, PERSONAL NEEDS GUARDIAN OF AIDA
COREY, AN INCAPACITATED INDIVIDUAL, THOMAS J.
COREY AND OLIVIA J. COREY, CO-PROPERTY
GUARDIANS OF AIDA COREY, AN INCAPACITATED
INDIVIDUAL, AND PERMCLIP PRODUCTS CORPORATION,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

DANIEL M. WALSH, FRANK PANARO, ET AL., DEFENDANTS,
HSBC NORTH AMERICA, INC. AND HSBC BANK USA N.A.,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (BRADLEY A. HOPPE OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (BRENDAN H. LITTLE OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered June 18, 2013. The order, among other things, granted plaintiffs' motion seeking leave to reargue and, upon reargument, denied those parts of the motions of defendants Frank Panaro, HSBC North America, Inc. and HSBC Bank USA N.A. to dismiss the fraud cause of action as asserted by plaintiff Permclip Products Corporation.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion of defendants HSBC North America, Inc. and HSBC Bank USA N.A. to dismiss the conversion and replevin causes of action against them and as modified the order is affirmed without costs.

Memorandum: Plaintiff guardians and plaintiff Permclip Products Corporation (Permclip) commenced this action asserting causes of action for conversion, replevin and fraud in connection with the alleged embezzlement of funds by defendants Daniel M. Walsh and Frank Panaro from Aida Corey, the incapacitated individual represented by plaintiff guardians and the widow of Permclip's founder. HSBC North America, Inc. and HSBC Bank USA N.A. (HSBC defendants) are alleged to be vicariously liable as Panaro's employer.

By the order in appeal No. 1, Supreme Court, inter alia, granted

those parts of the motions of Panaro and the HSBC defendants to dismiss the amended complaint as asserted by Permclip pursuant to CPLR 3211 (a) (5) and denied those parts of the motions of Panaro and the HSBC defendants to dismiss the amended complaint as asserted by plaintiff guardians pursuant to CPLR 3211 (a) (7) and 3016 (b).  By the order in appeal No. 2, the court granted plaintiffs' motion for leave to reargue and, upon reargument, denied those parts of the motions of the HSBC defendants and Panaro to dismiss the fraud cause of action as asserted by Permclip, and otherwise adhered to its prior decision.  The HSBC defendants now appeal.

We note at the outset that the appeal by the HSBC defendants from the order in appeal No. 1 must be dismissed because that order was superseded by the order in appeal No. 2 (*see generally Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985, 985).  We further note that, although plaintiffs purport to cross-appeal from the order in appeal No. 1, their brief on appeal seeks only an affirmance. Inasmuch as plaintiffs did not timely perfect a cross appeal seeking affirmative relief, their cross appeal was deemed dismissed (*see generally* 22 NYCRR 1000.12 [b]; *Edgett v Clarelli*, 72 AD3d 1635, 1635).

It is well settled that, " '[i]n considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the facts pleaded must be presumed to be true and accorded every favorable inference, and the sole criterion is whether from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*Stormes v United Water N.Y., Inc.*, 84 AD3d 1352, 1353).

Here, we conclude that the court erred in denying those parts of the motion of the HSBC defendants with respect to plaintiff guardians' causes of action for conversion and replevin, but properly denied that part of the motion with respect to plaintiffs' fraud cause of action. We therefore modify the order in appeal No. 2 accordingly.

Addressing first the replevin cause of action, we note that replevin is a remedy employed to recover a specific, identifiable item of personal property (*see Khoury v Khoury*, 78 AD3d 903, 904), and "[o]rdinary currency, as a rule, is not subject to replevin" (*Matter of Equitable Life Assur. Socy. of U.S. v Branch*, 32 AD2d 959, 960). Unless the currency can be specifically identified, i.e., it consists of specific, identifiable bills or coins, replevin does not lie (*see id.*).  Here, the amended complaint alleges that the individual defendants "have used some or all of Aida Corey's $4 million in cas[h] to purchase real and personal property and other tangible assets" and that they "have taken approximately $4 million of Aida Corey's cash and/or personal property."  The sole focus of the parties, both in Supreme Court and on appeal, however, has been on the money allegedly taken by the HSBC defendants, and we therefore deem abandoned any allegations by plaintiffs concerning personal property (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  We thus conclude that the amended complaint fails to state a cause of action for replevin, because there is no "specifically identified" money that plaintiffs

seek to recover (*Equitable Life Assur. Socy. of U.S.*, 32 AD2d at 960).

     With respect to the plaintiff guardians' cause of action for conversion, the amended complaint likewise alleges that the individual defendants "have taken approximately $4 million of Aida Corey's cash and/or personal property," but as with the replevin cause of action we conclude that plaintiffs have abandoned any allegations concerning personal property (*see Ciesinski*, 202 AD2d at 984).  Money may be the subject of a cause of action for conversion only if "it can be identified and segregated as a chattel can be" (*Payne v White*, 101 AD2d 975, 976), i.e., "where there is a specific, identifiable fund" *(Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 124, *lv denied* 77 NY2d 803; *see Thys v Fortis Sec.*, 74 AD3d 546, 547). Contrary to the contentions of plaintiff guardians, the sums allegedly converted here do not constitute the type of specific, identifiable fund that would support a conversion cause of action (*see 9310 Third Ave. Assoc. v Schaffer Food Serv. Co.*, 210 AD2d 207, 208; *see also Vital Crane Servs., Inc. v Micucci*, 118 AD3d 1404, 1405).

     Contrary to the contention of the HSBC defendants, however, the court properly refused to dismiss the fraud cause of action against them.  A fraud cause of action must allege that the defendant: (1) made a representation to a material fact; (2) the representation was false; (3) the defendant intended to deceive the plaintiff; (4) the plaintiff believed and justifiably relied on the statement and in accordance with the statement engaged in a certain course of conduct; and (5) as a result of the reliance, the plaintiff sustained damages (*see Ross v Louis Wise Servs., Inc.*, 8 NY3d 478, 488).  The allegations in the complaint must set forth the "basic facts constituting the fraud" (*Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185, 1189), to "inform a defendant of the complained-of incidents" (*Eurycleia Partners, LP v Seward & Kissell, LLP*, 12 NY3d 553, 559). The Court of Appeals has "cautioned that [CPLR] 3016 (b) should not be so strictly interpreted as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting the fraud" (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491 [internal quotation marks omitted]). Here, much of the detail surrounding the alleged fraud is " 'peculiarly within the knowledge' " of the individual defendants and the HSBC defendants, and we agree with plaintiffs that an inference of fraud arises from the circumstances alleged in the amended complaint (*id.; see Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 698-699; *Sepulveda v Aviles*, 308 AD2d 1, 8; *Spatz v Bajramoski*, 214 AD2d 436, 436-437).

     In view of our decision, there is no need to address the remaining contentions of the HSBC defendants.

     As a final point, we note that prior to oral argument this Court was made aware of the existence of a second amended complaint, which is not included in the record before us, and counsel for plaintiffs contended at oral argument that the second amended complaint renders this appeal moot.  Plaintiffs did not properly seek that relief by way

of motion, even though there was adequate time in which to do so, and

thus their contention is not properly before us.