**Bernice R. KENDALL, Plaintiff,**

v.

**CALIBER HOME LOANS, INC. and Joe Anderson, Defendants.**

15-CV-3752 (WFK)(LB)

United States District Court, E.D. New York.

Signed July 27, 2016

Bernice R. Kendall, Atlantic City, NJ, pro se.

Alfred W.J. Marks, Joy Harmon Sperling, Day Pitney LLP, New York, NY, Christina Ann Parlapiano, Day Pitney LLP, Parsippany, NJ, for Defendants.

**DECISION & ORDER**

WILLIAM F. KUNTZ, II, United States District Judge

On June 26, 2015, Bernice Kendall ("Plaintiff") filed a Complaint against Caliber Home Loans, Inc. and Joe Anderson (col-

lectively, "Defendants") seeking replevin. On December 10, 2015, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, Defendants' motion to dismiss is GRANTED, and Plaintiff's action is dismissed without prejudice.

**BACKGROUND**[1]

On August 15, 2013, Plaintiff entered into a $253,917.00 note ("Note") with ICC Mortgage Services ("ICC"). *See* Note, Ex. A, ECF No. 16-2. The Note was secured by property located at 37 Rhodes Avenue, Bay Shore, New York ("Mortgaged Property"). *Id.* ¶¶ 1-2; Mortg. at 1, Ex. B, ECF No. 16-2. Pursuant to the mortgage, Plaintiff granted "the right to foreclose and sell the Property" to both ICC and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for ICC. Mortg. at 1-2. MERS, in turn, assigned the Mortgage to Caliber Home Loans, Inc. ("Caliber"). Mortg. Assgn., Ex. C, ECF No. 16-2.

Beginning on June 1, 2014, Plaintiff defaulted by failing to make monthly payments of $1,324.55. State Compl. ¶ 5, Ex. D, ECF No. 16-2; *see also* Note ¶ 4(C) (setting monthly payments of principle and interest). On December 26, 2014, Caliber initiated a foreclosure action against Plaintiff in the Supreme Court of New York, Suffolk County. *See* State Action, Ex. D, ECF No. 16-2.

On June 26, 2015, Plaintiff initiated this diversity action against Defendants. *See* Compl., ECF No. 1; 28 U.S.C. § 1332. On December 10, 2015, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant

---

1. Citation to exhibits are taken from Defen-

dants' motion to dismiss, ECF No. 16.

to Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss, ECF No. 16.

## DISCUSSION

### I. Legal Standard

#### A. Motion to Dismiss

To survive a motion to dismiss, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The pleading standard of Rule 8 does not require "detailed factual allegations," but demands "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

A defendant may move to dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted before filing a responsive pleading. Fed. R. Civ. P. 12(b)(6). "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir.2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in [the] plaintiffs favor." *In re Thelen LLP*, 736 F.3d 213, 218 (2d Cir.2013). Nonetheless, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

#### B. *Pro Se* Pleadings

On a motion to dismiss, a *pro se* plaintiff's complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir.2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir.2011)). A *pro se* plaintiff is nevertheless required to satisfy the same pleading requirements. A *pro se* plaintiff's "[b]ald assertions and conclusions of law are not adequate to withstand a motion to dismiss." *Ruotolo v. Fannie Mae*, 933 F.Supp.2d 512, 524–25 (S.D.N.Y.2013) (Karas, J.) (quoting *Wilson v. Dalene*, 699 F.Supp.2d 534, 554 (E.D.N.Y.2010) (Biano, J.)). That being said, a court "cannot invent factual allegations that [the *pro se* plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir.2010).

### II. Analysis

Plaintiff brings an action for replevin, seeking to exchange the Mortgaged Property for the cash value of the Note. *See* Compl. at 2 ("However if the Plaintiff is a debtor in possession of one collateral the Respondent is a debtor in possession of another collateral in the form of the Plaintiffs' [*sic*] personal property. Therefore the Plaintiff is looking to this court for equitable relief and would be happy to return the collateral secured by mortgage so long as the collateral i.e. Personal Prop-

erty owned by the Plaintiff (the Account) and all proceeds are returned."). Plaintiff, however, cannot sustain her action, because an action for replevin is viable only against specific, identifiable property. *See, e.g., TAP Manutencao e Engenharia Brasil S.A. v. Int'l Aerospace Grp., Corp.*, 127 F.Supp.3d 202, 211 (S.D.N.Y.2015) ("Replevin is a remedy employed to recover specific, identifiable items of personal property." (alternations omitted) (quoting *Heckl v. Walsh*, 122 A.D.3d 1252, 1254, 996 N.Y.S.2d 413 (4th Dep't 2014))). Here, instead of specific and identifiable property, Plaintiff seeks a general sum of money in the amount of $253,917.00, plus interest. Compl. at 3. Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. *See Heckl*, 122 A.D.3d at 1254, 996 N.Y.S.2d 413 (concluding that an action for $4 million in cash "fails to state a cause of action for replevin, because there is no 'specifically identified' money that plaintiffs seek to recover").

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss and dismisses Plaintiff's action without prejudice.

**SO ORDERED.**

